UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AUSTIN ENVIRONMENTAL CORP.,

          Plaintiff,

  - against -

MARGARITA EXPRESS, LLC, ANGEL E. PEREZ-REYNOSO, VALLEY TRUCK CENTER, INC.,

          Defendants.

21 Civ. 4385 (PED)

**MEMORANDUM AND ORDER**

**PAUL E. DAVISON, U.S.M.J.:**

  This Memorandum and Order addresses three separate motions. Defendant Margarita Express, LLC ("Margarita") and Angel E. Perez-Reynoso ("Mr. Perez-Reynoso" and together with Margarita, the "Margarita Defendants"), move to transfer this action to the Middle District of Pennsylvania. Cross-defendant Valley Truck Center, Inc. ("Defendant Valley") moves to dismiss for lack of jurisdiction, or, alternatively, to transfer this action to the Middle District of Pennsylvania. Finally, Plaintiff Austin Environmental Corp. ("Austin" or "Plaintiff") cross-moves to amend its Complaint. The motions have been fully briefed. Oral argument was held on April 20, 2022.

  For the reasons stated below, the motion filed by the Margarita Defendants is **DENIED**, Defendant Valley's motion is **GRANTED**, and Austin's cross-motion is **GRANTED**.

### I. BACKGROUND[1]

---

[1] The information in this section is taken from the Complaint with attached exhibits [Dkt. 1], the Margarita Defendants' declaration filed in support of it motion to transfer with its attached exhibits [Dkt. 56], and Defendant Valley's motion to dismiss [Dkt. 61].

A.  **The Accident**

The backdrop to this action is a single vehicle accident in Pennsylvania. On or around June 15, 2018, Mr. Perez-Reynoso was driving a tractor that was owned by Margarita. Attached to that tractor was a trailer owned by Austin. Margarita was allowed to use Austin's trailers pursuant to an Equipment Lease agreement (the "Agreement") that the parties entered into on February 27, 2018. While Mr. Perez-Reynoso was driving, one of the tires on Margarita's tractor spontaneously blew out, which resulted in an accident. Defendant Valley was contracted to clear the accident from the highway. Defendant Valley then stored the damaged tractor and the trailer until it received payment from Margarita and Austin.

B.  **The Pennsylvania Action**

Defendant Valley invoiced Margarita and Austin for the cost of cleaning up the highway and for storing the remnants of the tractor and the trailer. When Margarita and Austin failed to pay the invoice, Defendant Valley filed an action in the Court of Common Pleas of Lackawanna County against Margarita and Austin for the invoice on August 20, 2018. The complaint demanded payment of this invoice, which had at this point accrued to $56,411.51 and included an additional $200.00 per day for the storage of the tractor and the trailer. Austin never responded to the complaint and as a result, on December 11, 2018, Defendant Valley had a default judgment entered against Austin. Austin later, on September 16, 2019, moved to strike or open the judgment against it. On October 24, 2019, the Lackawanna County court denied Austin's motion. On November 14, 2019, Defendant Valley filed to modify the judgment to $109,911.51. Austin then attempted to appeal the matter on December 10, 2019 and filed a brief in support of that appeal to the Superior Court of Pennsylvania. The Superior Court found

Austin's appeal to be without merit on December 15, 2020.

While Defendant Valley was enforcing the judgment against Austin, the Margarita Defendants responded to Defendant Valley's complaint. The Margarita Defendants and Defendant Valley ultimately entered into a Joint Tortfeasor Release (the "Release") on January 9, 2020, whereby Defendant Valley agreed to release its claims against the Margarita Defendants in exchange for $69,000.00.

### C. Defendant Valley's Action in New York State

On April 6, 2021, Defendant Valley filed a motion for summary judgment in lieu of a complaint in the Supreme Court of the State of New York, Westchester County, seeking to enforce its Pennsylvania judgement against Austin. On May 18, 2021, Austin submitted its opposition to Defendant Valley's motion for summary judgement. The Supreme Court granted Defendant Valley's motion for summary judgment on September 22, 2021. Defendant Valley had obtained a levy against one of Austin's bank accounts and was scheduled to execute that levy on November 17, 2021. On November 16, 2021, Austin paid the full amount it owed on Defendant Valley's judgment, $ 69,326.96. This matter has since been discontinued with prejudice.

### D. The Current Action

Austin filed this current action against the Margarita Defendants and Defendant Valley on May 14, 2021. Austin filed this action seeking enforcement of the indemnification clause in its Lease Equipment agreement with the Margarita Defendants, as well as common law indemnification and contribution from the Margarita Defendants. Austin also brought an unjust enrichment claim against Defendant Valley. On August 18, 2021, the Margarita Defendants filed

a crossclaim against Defendant Valley seeking to enforce an indemnification provision in their Release. Austin, however, ultimately dismissed its claim against Defendant Valley with prejudice on December 17, 2021. Thus, Defendant Valley remains in this action only because of the Margarita Defendants' crossclaim against it.

## II. MOTION TO TRANSFER

The Margarita Defendants move to transfer this action to the Middle District of Pennsylvania, arguing that the action could have been brought in the Middle District of Pennsylvania and it wold be in the interest of justice and convenience to transfer to that district. [Dkt. 55.][2] Austin opposed the motion. [Dkt. 65.] The Margarita Defendants filed a reply. [Dkt. 76.]

### A. Applicable Law

District courts have broad discretion when it comes to deciding motions to transfer. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992). Section 1404(a) governs motions to transfer and it provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The threshold inquiry is "whether the action could have been brought in the transferee district." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013). If the answer is in the affirmative, then the court must determine whether transfer would be appropriate. "Assessing whether transfer is a valid exercise of discretion

---

[2] Defendant Valley also moved to transfer venue in the event that it was not dismissed from the action. For the reasons discussed *infra* Part II, Defendant Valley's motion to dismiss is granted and as a result, the Court need not address its motion to transfer.

4

requires the Court to balance various factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice." *Everlast*, 928 F. Supp. at 743. The party moving for a change of venue bears the burden of establishing by clear and convincing evidence that transfer is appropriate. *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge North Am., Inc.*, 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007)

**B.  Analysis**

Here, the threshold question as to whether this action could have been brought in the Middle District of Pennsylvania is easily answered in the affirmative. Austin could have filed this action in the Middle District of Pennsylvania. Margarita is a Pennsylvania limited liability company with its principal place of business in Reading, Pennsylvania, Mr. Perez-Reynoso is a resident of Pennsylvania, and Defendant Valley is a Pennsylvania corporation. [Dkt. 1.] Thus, if Austin filed in the Middle District of Pennsylvania, the Middle District would have had jurisdiction because all of the defendants are located within the state. *See* 28 U.S.C. § 1391 ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]") Indeed, Austin does not argue otherwise. *See* Dkt. 65. Given that the Margarita Defendants have met the threshold inquiry, this Court proceeds to weighing the factors.

    **1.  Convenience of the Witnesses**

"The convenience of witnesses is an important consideration, and has often been described as the single most important § 1404(a) factor." *Everlast*, 928 F. Supp. at 743. "When weighing the convenience of the witnesses, courts must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." *Royal & Sunalliance v. British Airways*, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001). "The convenience of non-party witnesses is accorded more weight than that of party witnesses." *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005).

Austin argues that the relevant witness for the Margarita Defendants in this action is Flor Cortes, the owner of Margarita, who executed the Agreement. [Dkt. 67 at 9.] Austin further contends that, upon information and belief, Ms. Cortes resides in New York. The Margarita Defendants argue that all of the witnesses it would need are located in Pennsylvania. [Dkt. 67 at 8.] The Margarita Defendants claim that the non-party witnesses it would need to call include the police officer that responded to the accident, Bernard O'Malley, and an individual from the towing company that actually removed the trailer and the tractor from the highway. The Margarita Defendants further contend that they would also need the attorneys who negotiated the Release between the Margarita Defendants and Defendant Valley as witnesses. In terms of party witnesses, the Margarita Defendants point out that Margarita is a Pennsylvania limited liability company, Mr. Perez-Reynoso resides in Pennsylvania, and that the witness who would testify on behalf of Defendant Valley, Ms. Lisa Sabia, also resides in Pennsylvania.

The difference in the witnesses that each party believes the Margarita Defendants would call is the result of a dispute between the parties as to the relevance of testimony concerning the accident. Austin argues that because this is a contract dispute, the only witness that the Margarita

6

Defendants would need is the individual who signed the Agreement, Ms. Cortes. In contrast, the Margarita Defendants identify several witnesses, but provide that those witnesses would either testify about the accident or about their Release with Defendant Valley. However, the Margarita Defendants have failed to identify how exactly the accident, or their Release, relate to their Agreement with Austin or the indemnification clause within that Agreement. Further, none of the non-party witnesses the Margarita Defendants identified would be able to testify concerning the Agreement. Because their testimony would not have any bearing on the Agreement, the argument that they are witnesses relevant to this analysis is of no moment. Accordingly, I conclude that this factor weighs in favor of the case staying in this district. *See S.S. Owners*, 474 F. Supp. 2d at 483-84.

### 2. Convenience of the Parties

"A defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer." *Everlast*, 928 F. Supp. at 744. "Where a group of defendants makes such a showing, that factor favors transfer." *Id.* However, this factor is neutral where a transfer would "merely switch the burden of inconvenience from one party to the other[.]" *S.S. Owners*, 474 F. Supp. 2d at 484.

The Margarita Defendants contend that the party defendants—Margarita and Mr. Perez-Reynoso—both reside in Pennsylvania. The Margarita Defendants also argue that Austin has property within Pennsylvania and as of February 4, 2020, rented an office within the state. Austin does not dispute these arguments. Accordingly, the Margarita Defendants have shown that it would be inconvenienced in this forum, but Austin would not be substantially inconvenienced by the transfer. Thus, this factor weighs in favor of transfer.

### 3. Location of the Relevant Documents

"Given electronic discovery, and absent any concrete illustration of inconvenience to either side relating to documents or other non-testimonial evidence, this factor does not materially favor either venue." *Everlast*, 928 F. Supp. at 747. Here, neither party makes a showing that the relevant documents are in a location that is only accessible in one forum. The Margarita Defendants make a passing reference to this Court's ability to compel Defendant Valley's witness, Ms. Sabia, to appear and provide documents. However, the Margarita Defendants fail to show how the documents provided by Ms. Sabia has any bearing on the indemnification clause of their Agreement with Austin. Accordingly, this is a neutral factor.

### 4. Locus of Operative Facts

Similar to the location of material witnesses, the "locus of operative facts is a 'primary factor' in determining whether to transfer venue." *S.S. Owners*, 474 F. Supp. 2d at 485. This is because the locus of operative facts "has a bearing on where the 'center of gravity' of the action rests." *Id.* In a case concerning an indemnification clause, the locus of operative facts is determined by the location where the contract was negotiated or executed, and the location of the event that triggers the indemnification clause. *See United Rentals (North America) Inc. v. Contin Enterprises, Inc.*, 2015 WL 7257864, at *9 (D. Conn. Nov. 17, 2015).

Here, the Margarita Defendants argue that the location of the operative facts is in Pennsylvania, because it is where the accident occurred, where the cleanup and storage were performed, where the litigation occurred, and where Margarita negotiated its settlement agreement with Defendant Valley. Austin contends that the locus of operative facts centers on the Agreement, which was negotiated and signed in New York. Indeed, because this is a case

8

that revolves around a contract, the locus of operative facts is determined by where the contract was negotiated or executed. However, the location of the event that triggered the indemnification clause is still relevant, and in the case at hand, that event occurred in Pennsylvania. Nonetheless, because the event that triggered the indemnification clause is not in dispute here, less weight is given to the location of the event. *Cf. United Rentals*, 2015 WL 7257864, at *9 (finding that the case should be transferred to New York because it centered on "whether the injuries allegedly suffered are of the type that are covered by the indemnification provision"). Accordingly, this factor favors the case remaining in this district.

5.  **Availability of Process to Compel the Attendance of Unwilling Witnesses**

The Court may only compel attendance at a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person; or . . . within the state where the person resides, is employed or regularly transacts business in person." Fed. R. Civ. P. 45(c)(l)(A)-(B)(ii). The Margarita Defendants argue that this Court would have trouble compelling Defendant Valley's witness, Ms. Sabia. However, as discussed *supra*, this case does not require testimony from Ms. Sabia regarding the Agreement between Margarita and Austin, because Ms. Sabia does not have knowledge regarding the Agreement. Accordingly, this factor favors the action staying in this district.

6.  **Relative Means of the Parties**

"In analyzing whether the relative means of the parties favors transfer, a court should determine whether a party's financial situation would meaningfully impede its ability to litigate this case in either forum." *Ivy Soc'y Sports Grp., LLC v. Balconcesto Superior Nacional*, 2009 WL 2252116, at *8 (S.D.N.Y. July 28, 2009) (quotation marks omitted). "[T]his factor has rarely

9

been a dispositive reason to grant or deny a transfer motion[.]" *Schoenefeld v. New York*, 2009 WL 1069159, at *3 (S.D.N.Y. Apr. 16, 2009) (quotation marks omitted). Here, neither party argues that it lacks the financial means to litigate this action in this district or in the Middle District of Pennsylvania. Accordingly, this factor is neutral.

### 7. Forum's Familiarity with the Governing Law

In general, the forum's familiarity with the governing law is "one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." *Everlast*, 928 F. Supp. 2d at 747. "While federal courts in other states are capable of construing New York law, especially in a straightforward contract [case], the forum's familiarity with the governing law may be a factor even in contract cases." *S.S. Owners*, 474 F. Supp. 2d at 486 (internal citation omitted). Here, Austin argues that New York law applies to the Agreement and that as a result, this factor weighs in favor of the action staying in this district. The Margarita Defendants do not address which law governs the Agreement, but instead argue in their reply that their defense of laches will be governed by Pennsylvania law. Nonetheless, one of the reasons why this factor is accorded so little weight is because "federal courts are deemed capable of applying the substantive law of other states." *Prudential Sec. Inc. v. Norcom Dev., Inc.*, 1998 WL 397889, at *6 (S.D.N.Y. July 16, 1998). Thus, even if Pennsylvania law does govern the Margarita Defendant's defense, this Court is perfectly capable of applying Pennsylvania law. Further, given that there is no dispute that New York law governs the Agreement, and the Agreement is the focus of this case, this factor ultimately favors staying in this district.

### 8. Weight Accorded to Plaintiff's Choice of Forum

10

"A plaintiff's choice of forum is to be given substantial weight and should not be disturbed unless the balance of convenience and justice weighs heavily in favor of defendant's proposed forum." *S.S. Owners*, 474 F. Supp. 2d at 486 (quotation marks omitted). "This deference is even greater where there is a material connection or significant contact between the forum state and the events allegedly underlying the claim, or where the plaintiff's chosen forum is its principal place of business." *Id.*

Austin argues that because its principal place of business is located in New York and because New York is where the Agreement was negotiated and executed, this factor favors remaining in this district. The Margarita Defendants do not contest this, but instead argue that Austin is engaging in forum shopping. The Margarita Defendants argue there are four pieces of evidence that indicate that Austin engaged in forum shopping. First, the Margarita Defendants argue that the locus of operational facts is in Pennsylvania, which is where Austin should have filed and its failure to do so is evidence of forum shopping. The Margarita Defendants next argue that Austin responding to Defendant Valley's action in New York state court while simultaneously failing to be a responsive litigant in the Pennsylvania action is further evidence of forum shopping. The Margarita Defendants further argue that the fact that Austin focused its oral argument before the County Court in Pennsylvania on its indemnity claim against the Margarita Defendants—as distinguished from its argument that Defendant Valley failed to properly serve Austin—demonstrates that Austin originally intended to litigate the indemnity claim in Pennsylvania, and has now engaged in forum shopping by filing this action in New York. Finally, the Margarita Defendants argue that Austin's failures to obtain relief in the Pennsylvania courts has motivated Austin to forum shop.

11

None of these arguments, however, demonstrates forum shopping. "Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." *Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 434 (S.D.N.Y. 2018). Put another way, in order to show that a plaintiff engaged in forum shopping, the defendant must show that the plaintiff "engage[d] in some manipulative or deceptive behavior, or the ties between the litigation and the first forum [are] . . . tenuous or de minimis." *Id.* at 435. As discussed above, there are several factual circumstances motivating Austin's choice of forum, including that the locus of operational facts is in this forum. Further, this Court finds it unlikely forum shopping alone motivated Austin's choice of forum here, and there is no evidence of manipulative or deceptive behavior. Accordingly, this factor weighs in favor of Plaintiff's choice and that choice is given substantial deference.

### 9. Trial Efficiency and the Interests of the Justice

In considering trial efficiency and the interests of justice, a court cannot ignore "the benefits of consolidating related cases in a common forum are often substantial." *Everlast*, 928 F. Supp. 2d at 747 (alteration omitted). "Such consolidation may advance the strong policy interests of achieving efficient pretrial discovery, avoiding duplicative litigation, and avoiding inconsistent results." *Id.*

Here, neither party advances an argument that it would be in the interest of trial efficiency to either transfer the case, or have the case remain in this district. Nonetheless, because the Margarita Defendants make much of the connection between Austin's current claim against it and the crossclaim they have against Defendant Valley concerning its Release with Defendant

12

Valley, it is worth acknowledging the potential overlap between these two cases. Both of these cases indeed stem from the same accident that has been the subject of much litigation. However, in terms of witnesses and facts, there is very little overlap. As the Margarita Defendants argued, the non-party witnesses they would need to call would include the attorneys that negotiated the Release. However, as discussed above, that has very little bearing on the Margarita Defendants' Agreement with Austin. Further, the Margarita Defendants argued that it would need to call Ms. Sabia for Defendant Valley. As discussed *supra*, this non-party witness would not have any information relevant to the Agreement, but may indeed have information relevant to the Release. Accordingly, because there would not be a substantial overlap between this litigation and the Margarita Defendants' litigation concerning their Release with Defendant Valley, this factor does not weigh in favor of consolidating the two actions. Nonetheless, because there is no argument that this factor weighs in favor of remaining in this district, it is ultimately neutral.

## C.  Conclusion

Balancing these factors, this Court concludes that transfer of the action to the Middle District of Pennsylvania is unwarranted. This case amounts to a discrete contractual dispute, and under the circumstances, remaining in this district would be "the least abrasive method of judicial administration." *S.S. Owners*, 474 F.Supp.2d at 491; *see Sears, Roebuck & Co. V. Allied Commercial Corp.*, 1993 WL 257484 (N.D. Ill. July 8, 1993) (declining to transfer even where defendant had an indemnification clause in a settlement agreement with a non-party because the action centered on a contract between plaintiff and defendant).

## III. MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendant Valley has moved to dismiss the only remaining claim asserted against it—the Margarita Defendants' crossclaim—because this Court lacks jurisdiction over it. [Dkt. 58.] The Margarita Defendants opposed. [Dkt. 64.][3] Defendant Valley submitted a reply. [Dkt. 82.]

A.  **Applicable Law**

"When a court chooses to rule on the question of personal jurisdiction without conducting an evidentiary hearing, the party asserting personal jurisdiction need only make a prima facie showing that jurisdiction exists." *Economic Studies, Inc. v. Comcoa, Inc.*, 1993 WL 525902, at *1 (S.D.N.Y. Dec. 16, 1993). "Absent an evidentiary hearing, all pleadings and affidavits are construed, and all doubts resolved, in favor of the party asserting personal jurisdiction." *Id.*

Personal jurisdiction may be either specific or general. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Specific jurisdiction "is available when the cause of action sued upon arises out of the defendant's activities in a state." *Id.* General jurisdiction, on the other hand, "permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff." *Id.* "To make out a prima facie case of personal jurisdiction, whether based on general or specific personal jurisdiction, [the party asserting personal jurisdiction] must establish both 'a statutory basis' for jurisdiction and that exercise of such jurisdiction accords 'with constitutional due process principles.'" *Hiscox Ins. Co., Inc. v. Bordenave*, 2019 WL 2616338, at *4 (S.D.N.Y. June 26, 2019).

---

[3] Austin also opposed Defendant Valley's motion, but only to the extent that Defendant Valley joined the Margarita Defendants' motion to transfer. Otherwise, Austin essentially argued that it did not need to address Defendant Valley's dismissal or transfer because it no longer had any claims against Defendant Valley. Accordingly, Austin's arguments have no bearing on this motion.

New York exercises specific personal jurisdiction pursuant to N.Y. C.P.L.R. § 302. The relevant provision of C.P.L.R. § 302 provides that New York has specific personal jurisdiction over a company that "transacts any business within the state or contracts anywhere to supply goods or services in the state." C.P.L.R. § 302(a)(1). New York exercises general personal jurisdiction pursuant to N.Y. C.P.L.R. § 301, which provides that New York has general jurisdiction when "a company has engaged in such a continuous and systematic course of doing business [in New York] that a finding of its presence [in New York] is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (internal quotation marks omitted).

**B.     Analysis**

**1.     The Court Lacks Specific Personal Jurisdiction Over Defendant Valley**

The Margarita Defendants assert that New York has specific personal jurisdiction over Defendant Valley because Defendant Valley transacted business in New York when it brought its judgment against Austin in New York. "[I]n determining whether personal jurisdiction may be exercised under section 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction." *Licci ex rel. Licci v. Lebanese Candadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (internal quotation marks and alteration omitted). A party transacts business in New York if it has "purposely availed himself of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir.2006). "A suit will be deemed to have arisen out of a party's activities in

15

New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Licci*, 673 F.3d at 66.

Here, the Margarita Defendants claim that because Defendant Valley sought to enforce its Pennsylvania judgement against Austin, that is sufficient to establish personal jurisdiction over a party. Indeed, there are some cases where the act of litigating in New York is sufficient to confer jurisdiction over subsequent, related actions. *See S.E.C. v. Softpoint, Inc.*, 2012 WL 1681167, at *3 (S.D.N.Y. May 9, 2012). However, such is not the case at hand. Defendant Valley brought an action against Austin seeking to enforce its Pennsylvania judgment. This, arguably, is transacting business in New York as Defendant Valley is "purposely availing" itself to the "privileges of conducting activities within New York[.]" *D.H. Blair*, 462 F.3d at 104. Nonetheless, the articulable nexus or substantial relationship between Defendant Valley's action of enforcing its judgment and the Margarita Defendants' crossclaim is "too attenuated." *Johnson v. Ward*, 829 N.E.2d 1201, 1203 (N.Y. 2005). In the prior litigation, Defendant Valley sought to enforce a Pennsylvania judgment against Austin, but in this current litigation, a completely different party seeks to enforce a Release against it. *Cf. Softpoint*, 2012 WL 1681167, at *3 (finding personal jurisdiction where a defendant had previously litigated in New York and plaintiff—the prevailing party in the prior action—was seeking to enforce that judgment). Accordingly, this Court does not have specific personal jurisdiction over Defendant Valley. Because this Court concludes that there is no specific personal jurisdiction under C.P.L.R. § 302, it does not reach the due process analysis. *See Nat'l Union Fire Ins. Co. Pittsburgh, PA v. UPS Supply Chain Sols., Inc.*, 2021 WL 4868583 (S.D.N.Y. Oct. 18, 2021).

**2.      The Court Lacks General Personal Jurisdiction Over Defendant Valley**

16

Under New York law, a court in New York may exercise general jurisdiction over a foreign defendant if the defendant "engaged in 'continuous, permanent, and substantial activity in New York.'" *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000). However, the Supreme Court in *Daimler* recently set a "high bar" for finding general jurisdiction over a foreign corporation. *See Brown*, 814 F.3d at 626. "*Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases." *Id.* at 627. A foreign corporation may still be subject to general jurisdiction in the exceptional case "where its contacts are so 'continuous and systematic,' judged against the corporation's national and global activities, that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2013) (quoting *Daimler*, 571 U.S. at 139).

Here, Defendant Valley is a Pennsylvania corporation with its principal place of business in Dunmore, Pennsylvania. It neither transacts business in New York, nor does it own property within the state. Accordingly, Defendant Valley is not engaged in "continuous, permanent, and substantial activity in New York." *Wiwa*, 226 F.3d at 95. Defendant Valley is also not the truly exceptional case contemplated by the Supreme Court in *Daimler* as it is not maintaining contacts that are so "continuous and systematic" that it is "essentially at home" in this state. *Gucci Am.*, 768 F.3d at 135. Accordingly, this Court does not have general personal jurisdiction over Defendant Valley.

The Margarita Defendants do not argue that this Court has general jurisdiction over Defendant Valley but instead rely upon the allegations in Austin's Complaint to assert jurisdiction over Defendant Valley. However, the Complaint itself does not make a *prima facie*

17

showing of jurisdiction, and the Margarita Defendants do not argue that any specific allegations within the Complaint are sufficient to establish jurisdiction. Thus, the allegations in the Complaint do not change this Court's jurisdiction analysis.

## C. Conclusion

Based on the foregoing analysis, this Court concludes that it does not have personal jurisdiction over Defendant Valley. Accordingly, the Margarita Defendants' crossclaim is dismissed and Defendant Valley is terminated as a cross defendant.[4]

## IV. MOTION TO AMEND

Austin filed a cross-motion to amend its Complaint to dismiss the case without prejudice as to Mr. Perez-Reynoso, and to update the information to reflect its stipulated dismissal of Defendant Valley. [Dkt. 65.][5] The Margarita Defendants opposed. [Dkt. 78.][6] Austin submitted a reply. [Dkt. 89.]

---

[4] The Margarita Defendants also argue that this action must be dismissed in its entirety pursuant to Rule 19(b) because Defendant Valley is a necessary party. Although on a cursory review, this Court is skeptical as to whether Defendant Valley is indeed a necessary party, the Margarita Defendants are within their rights to make that motion given that Defendant Valley is now dismissed from this action.

[5] Shortly after the filing of Austin's cross-motion, the Margarita Defendants moved to strike the cross-motion. [Dkt. 68.] Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Margarita Defendant argue that Austin did not comply with this Court's Individual Practices in filing its cross-motion and further contends that Austin's motion is not a cross-motion but rather a separate motion to amend. [Dkt. 68.] However, this Court finds that does not satisfy the Motion to Strike standard as Austin's cross-motion is neither redundant, immaterial, impertinent, nor scandalous, and as a result the cross-motion will not be stricken. Accordingly, the Margarita Defendants' motion is denied.

[6] At oral argument, counsel for the Margarita Defendants represented that they did not oppose the dismissal of Mr. Perez-Reynoso.

## A. Applicable Law

Rule 15(a) provides that a district court "should freely give leave [to amend] when justice so requires." "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 844 F.3d 98, 105 (2d Cir. 2018). "Leave to amend may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* (internal quotation marks omitted).

A motion to amend will be denied on the grounds of futility, "if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010). Thus, an amendment is futile if it "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). An amendment, therefore, will be denied if it does not plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## B. Analysis

Austin moves to amend its Complaint to dismiss its claim against Mr. Perez-Reynoso without prejudice and to update the facts to reflect that it paid Defendant Valley the Pennsylvania judgment. The Margarita Defendants argue that Austin's claims for contribution and common law indemnity are obviously futile, and therefore this Court should deny Austin's motion to amend in its entirety.[7] However Austin's claims for contribution and common law indemnity

---

[7] The Margarita Defendants also argue that this motion is not properly before this Court because of the other pending motions. However, having addressed those motions, the Court now turns to Austin's cross-motion.

19

were asserted in the original Complaint so Austin's amendment does not seek to add or change any of the existing claims. As a result, the Margarita Defendants have no argument that the *amendment* to the Complaint would be futile because these claims were already asserted in the action. *See Williams v. Koenigsmann*, 2016 WL 8710386, at *2 (S.D.N.Y. June 10, 2016); *see also AEP Energy Servs. Gas Holding Co.*, 626 F.3d at 726 ("Leave to amend may be denied on grounds of futility if the *proposed* amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." (emphasis added)). This Court further finds that it would be in the interest of justice to allow Austin to amend its Complaint. Accordingly, Austin's motion to amend would not be futile and Austin will be permitted to file its amended complaint.

### III. CONCLUSION

Accordingly, the motion filed by the Margarita Defendants is **DENIED**. Defendant Valley's motion to dismiss is **GRANTED** and Defendant Valley is terminated as a party to this action. Austin's cross-motion is **GRANTED** and Austin will file the amended complaint within 30 days of this order. The parties shall participate in a telephone conference before this Court on June 10, 2022 at 9:30 A.M. The Clerk is respectfully directed to terminate the motions (Dkts. 55, 58, 65, 68).

Dated: May 5, 2022
White Plains, New York

SO ORDERED

Paul E. Davison
United States Magistrate Judge